|  | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|---|---|
| **NEYEMBO MIKANDA, et al.,** | |
| **Plaintiff,** | |
| v. | Civ. No. 22-1898 (KM) |
| **NEW JERSEY OFFICE OF HOMELAND SECURITY AND PREPAREDNESS, et al.,** | OPINION |
| **Defendants.** | |

The plaintiff, Neyembo Mikanda,[1] has filed a civil complaint which names hundreds of defendants, one of whom is the Hon. Noel L. Hillman, a District Judge of this Court who sits in the Camden vicinage. I sit in the Newark vicinage. The clerk referred this case to me for preliminary review pursuant to D.N.J. Loc. Civ. R. 40.1(g) & (h). That Local Rule essentially requires that, where a sitting judge has been sued, a second judge in a separate vicinage shall review the allegations. If judicial immunity is a complete defense or the allegations are found to be patently frivolous, then the action shall be dismissed against the original judge. In such a case, there may be no need for recusal of the original judge or for referral of the case to a separate district. I quote the rule more fully in the margin.[2]

---

[1]   Actually, the plaintiff named in the caption is "New Jersey University College of Public Synergies & Medicine." Mr. Mikanda, however, is the actual person filing the complaint, *pro se,* and in the body of the complaint he seeks damages for himself. The clerk has listed him on the docket as co-plaintiff.

[2]   (g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.

1

Judicial immunity is plainly applicable and is a complete defense to the allegations of this complaint, which rest on actions taken by Judge Hillman in his judicial capacity.

**Discussion**

Generally speaking, a complaint is required, at a minimum, to do the following:

>  (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
>>  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. . . .
>
>  (d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.
>
>>  (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
>>
>>  (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

---

(h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

D.N.J. Loc. Civ. R. 40.1(g) & (h) (as amended March 25, 2019).

> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(a) & (d). Because the plaintiff is appearing *pro se,* I construe his complaint liberally. *See generally Haines v. Kerner,* 404 U.S. 519 (1972).

The standard I apply under Rule 40.1(g)—that the complaint, insofar as it is addressed to Judge Hillman, not be barred by immunity or "patently frivolous"—is lower still.

**Background**

The following items from the Court's docket may assist in understanding the allegations of the Complaint. In particular, I have examined the docket to determine whether the actions of Judge Hillman, whether or not clearly described in the complaint, were taken in a judicial capacity.

Mr. Mikanda was involved in several actions filed in this Court in the 1990s and early 2000s. These were heard by judges other than Judge Hillman.

In 2008, Mr. Mikanda was charged criminally in a 26-count Redacted Superseding Indictment. ("RSI", 08cr130 DE 118) RSI Counts 1–15, arising from his business as a tax preparer, charged him with aiding in the preparation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). Counts 16–18 charged him with making false claims for tax credits on corporate tax returns, in violation of 18 U.S.C. § 287.[3] Counts 19–26 charged him with mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.

Mr. Mikanda elected to go to trial. The jury convicted on all counts. (08cr130 DE 119) On July 21, 2009, Judge Hillman imposed concurrent sentences of imprisonment totaling 84 months, plus a 3 year term of supervised release and restitution of $ 216,983.35. (08cr130 DE 180)[4]

---

[3] Mr. Mikanda's companies, on whose behalf the returns were submitted, were Public Synergies Inc., a tax preparation business; New Jersey University College, Inc.; and American Entrepreneurial Institute of Technology, Inc.

[4] The Court of Appeals affirmed almost all of the judgment, but vacated the conviction on Count 25. (08cr130 DE 202) On remand, the sentence remained substantially the same. (08cr130 DE 215, 223) On a second, post-remand appeal, the judgment was affirmed. (08cr130 DE 229)

On December 3, 2014, Judge Hillman issued a summons based on an alleged violation of the condition of supervised release that Mr. Mikanda not commit a federal, state, or local crime. The petition alleged that the state authorities had ordered Mr. Mikanda involuntarily committed to a mental health facility on August 21, 2014, and that on October 16, 2014, he had assaulted a staff member, resulting in the filing of local charges in Gloucester County. (08cr130 DE 234)

Judge Hillman held multiple, thorough mental competency hearings pursuant to 18 U.S.C. § 4241(b). (*See* 08cr130 DE 236, 237, 239, 240, 247, 248, 250) On June 23, 2015, Judge Hillman released Mr. Mikanda to the custody of relatives, adding a further condition of inpatient mental health treatment. (08cr130 DE 251) Ten days later, Mr. Mikanda having refused treatment, Judge Hillman issued an arrest warrant. (08cr130 DE 253) Mr. Mikanda was arrested in Virginia (08cr130 DE 253) and transported to New Jersey.

Back in New Jersey, on January 27, 2016, Judge Hillman held a further hearing on competency. (08cr130 DE 253) He entered an order finding Mr. Mikanda incompetent to stand trial on the violation of supervised release, and ordered him committed to a suitable institution for evaluation and treatment, citing 18 U.S.C. §§ 4241(d) & (e), 4247(d), and 4246. (8cr130 DE 258) Periodic orders to continue involuntary treatment followed. (08cr130 DE 267, 269, 272)

On July 26, 2017, Judge Hillman held a status competency hearing and found, with no objection from the government, that Mr. Mikanda had regained competency. (08cr130 DE 279, 280). The still-pending charge of violation of supervised release was withdrawn, and Mr. Mikanda was released. His supervised release term expired several days later. (08cr130 DE 281, 282)

Mr. Mikanda continued to file in the closed criminal case a number of motions, writs, and letters seeking various forms of relief, which are of little relevance here.

**The Complaint in this action**

The civil complaint in this case contains a variety of claims, and it names hundreds of defendants. I focus here on the portions of the complaint that name Judge Hillman.

Count Three of the complaint alleges as follows:

18  Because of his 9-1-1-CALL, of 08/21/2014, HILLMAN, NOEL LAWRENCE, U.S. JUDGE, was informed against NEYEMBO MIKANDA; and, he took him here and there, across STATE-LINES, and then, on 08/24/2015, the U.S. MARSHALS brought him the KENNEDY HEALTH SYSTEM, 2201 CHAPEL A VE W, CHERRY HILL, NJ 08002.

19  And DR. DANIELLE M. KUSMAUL cared not for the COURT ORDER of JUDGE HILLMAN. She refused it, and informed the MARSHALS to set NEYEMBO MIKANDA FREE, saying, he is HEALTHY: and SANE.

20  And NEYEMBO MIKANDA after this tarried in NEW JERSEY for 1 DAY, and then went to reside at the WESTIN HOTEL of RICHMOND, VIRGINIA, for a WHILE, and from thence, he sojourned in 5 other STATES, including DELAWARE, in the HOTELS thereof, and also at his HOUSE of WILMINGTON, DELAWARE.

21  And JUDGE HILLMAN proved himself a FALSE WITNESS: and a CRIMINAL who came after NEYEMBO MIKANDA on 07/03/2008, with a FALSE DIAGNOSIS, which he wrote on an ARREST WARRANT, which contravened the MEDICAL DIAGNOSIS PHYSICIAN DANIELLE M. KUSMAUL, M.D., had issued, when she discharged MIKANDA, on 06/24/2015.

22  And HILLMAN still pursued him, on behalf of the MONROE TOWNSHIP POLICE DEPARTMENT, whose LIE was made unprofitable by DR. DANIELLE KUSMAUL.

23  However, MARKE. BAKER of the VIRGINIA STATE POLICE took it to HEART to arrest NEYEMBO MIKANDA on 10/16/2015 for the same MENTAL TREATMENT DR. DANIELLE KUSMAUL had disallowed on 06/24/2015.

24 HILLMAN held NEYEMBO MIKANDA until 2017, when he failed to try NEYEMBO MIKANDA for allegedly threatening a WOMAN on the 2N° FLOOR, where he had never set a FOOT.

25 WHEREFORE, if the DEFENDANTS think good, each of them must pay to the PLAINTIFF the COMPENSATION required for this COUNT, $450000.00 (FOUR HUNDRED FIFTY THOUSAND U.S. DOLLARS); "and if not, forbear."

There is an additional reference to Judge Hillman in Count Ten:

59 For their REFUSAL to extend the "JUDICIAL POWER OF THE UNITED STATES" upon the impending "UTTER DESTRUCTION" of NEYEMBO MIKANDA, which HILLMAN, NOEL LAWRENCE, U.S. JUDGE, declared in 2008, MAY 15 (together with JOSHUA DREW; and, also, in 2015, MAY 22, (by HIMSELF,) all the JUDGES of the UNITED STATES shall be forbidden from ever extending their JUDICIAL POWER against any of the RIGHTS, or CASES, or CONTROVERSIES, of NEYEMBO MIKANDA
and his ENTITIES, and RELATIVES.

**Discussion**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286 (1991). "[J]udges ... are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355–6, 98 S. Ct. 1099 (1978)). To determine if judicial immunity applies, a court must determine (1) whether the judge's conduct was within his or her judicial capacity; and (2) whether the judge acted in the absence of subject matter jurisdiction. *Mireles*, 508 U.S. at 11–12. If both prongs are satisfied, absolute judicial immunity attaches. *See Figueroa v. Blackburn*, 208 F.3d 435, 445 (3d Cir. 2000).

An act within a judge's "judicial capacity" is simply one in exercise of the kind of function that is "normally performed by a judge." *Stump*, 435 U.S. at 362. The court looks to the more general nature and function of the act, rather than the particulars, or the rightness or wrongness, of the act itself. *See Mireles*, 502 U.S. at 13. Also important in determining whether an act is "judicial" are the parties' expectations that they were dealing with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. "Paradigmatic judicial acts," though not the only ones, are those that involve "resolving disputes between parties who have invoked the jurisdiction of a court." *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538 (1988).

The acts complained of by Mr. Mikanda are judicial in nature. Presiding over and making rulings in a criminal case are at the very heart of the judicial function. Imposition of conditions of supervised release is a key component of federal-court sentencing. *See* 18 U.S.C. § 3583. Likewise, adjudication of alleged violations of conditions of supervised release is a core judicial function. *Id.* Mr. Mikanda complains that certain rulings were legally erroneous, factually incorrect or overzealous, and attributes malign motives to the judge. Nevertheless, the rulings were judicial in nature; they represent the exercise of functions "normally performed by a judge."

Many of the challenged acts pertain to Mikanda's involuntary commitment on mental health grounds. These rulings, too, are judicial in nature. Determining competency to stand trial and ordering inpatient or outpatient mental health treatment are functions performed by a judge. Federally, such rulings are governed by statutes such as 18 U.S.C. §§ 4241–4247. Federal judges have therefore been found absolutely immune from suit based on rulings of this kind. *See Aruanno v. Cavanaugh*, No. CIV. 11-5778 WJM, 2011 WL 5508625, at *1 (D.N.J. Nov. 8, 2011), *aff'd*, 460 F. App'x 82 (3d Cir. 2012) (suit against District Judge for failure to order release from civil commitment or transfer to more suitable facility); *cf. Stump v. Sparkman*, 435

U.S. 349, 355–6, 98 S. Ct. 1099 (1978)) (immunity for state judge's order of sterilization of institutionalized person).[5]

As to the existence of jurisdiction, there can be no doubt. The criminal case, involving violations of federal statutory law, obviously lay within the jurisdiction of the district court. *See generally* 28 U.S.C. § 1331. And, for the reasons stated above, the various rulings complained of were authorized by statute and were an integral part of the federal criminal case.

I have examined the face of the complaint and also made a more searching review of the docket entries to which it appears to be referring. As to these matters, Judge Hillman acted within his judicial role and is absolutely immune from suit.

## CONCLUSION

As to Judge Hillman, the complaint is barred by judicial immunity and "patently frivolous" within the meaning of Local Civil Rule 40.1(g). I will enter a separate order dismissing the complaint as against Judge Hillman and referring the matter to the Chief Judge for assignment pursuant to Local Rule 40.1(h).

Dated: April 6, 2022

/s/ Kevin McNulty

---

**KEVIN MCNULTY**
**United States District Judge**

---

[5] I add that those functions were performed by Judge Hillman in a proper judicial manner, with multiple hearings and the taking of expert and factual evidence, followed by reasoned decisions.